## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÍNARU NADIA DE LA FUENTE DÍAZ, MARU ROSA HERNÁNDEZ, ANDRÉ RODRIL, YEIVY VÉLEZ BARTOLOMEI, GÉ CASTRO CRUZ, DENI JUSTE<br><br>Plaintiffs<br><br>v.<br><br>PEDRO PIERLUISI URRUTIA, in his official capacity as Governor of the Commonwealth of Puerto Rico; DR. CARLOS R. MELLADO LÓPEZ, in his official capacity as the Secretary of the Department of Health of the Commonwealth of Puerto Rico; WANDA LLOVET DÍAZ, in her official capacity as the Director of the Demographic Registry and Vital Statistics of the Commonwealth of Puerto Rico.<br><br>Defendants | Civil No. 23-1544 (MAJ) |

## ANSWER TO SECOND AMENDED COMPLAINT
### (Docket No. 12)

**TO THE HONORABLE COURT:**

**COME NOW** Defendants, Hon. Pedro Pierluisi Urrutia, in his official capacity as Governor of the Commonwealth of Puerto Rico; Dr. Carlos R. Mellado López in his official capacity as Secretary of the Department of Health of the Commonwealth of Puerto Rico; and Wanda Llovet Díaz, in her official capacity as the Director of the Demographic Registry and Vital Statistics of the Commonwealth of Puerto Rico (hereinafter "Defendants"), and very respectfully STATE, ALLEGE, and PRAY as follows:

1

**GENERAL ALLEGATIONS**

1.      All conclusions the law alleged in the Second Amended Complaint are disputed, insofar as applicable to the allegations herein.

2.      All factual allegations contained in the Second Amended Complaint, except those specifically admitted below, and only as qualified herein, are hereby denied.

3.      Defendants reserve the right to amend the answers and affirmative defenses set forth below as deemed necessary.

**JURISDICTION AND VENUE**

The unnumbered paragraph of the Second Amended Complaint contains the statutory basis on which federal jurisdiction is invoked and therefore does not require a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied.

**INTRODUCTORY STATEMENT**

1.      As to Paragraph 1 of the Second Amended Complaint, it is admitted that according to the unsworn statements submitted, Plaintiffs identify with a nonbinary gender identity and are residents of Puerto Rico.

2.      Paragraph 2 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.  It is affirmatively alleged that Plaintiffs are not entitled to any relief. Defendants have acted at all times in compliance with the Vital Statistics Registry Act of Puerto Rico, P.R. Laws Ann. tit. 24 §1041 et seq. and the Puerto Rico Civil Code P.R. Law Ann. tit. 31 §5311, et seq.

3.      Paragraph 3 of the Second Amended Complaint contains a recitation of the relief sought by Plaintiffs and therefore, does not require a responsive pleading. To the extent that a

responsive pleading is required, the same is hereby denied. Defendants deny that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

4.      Paragraph 4 of the Second Amended Complaint does not require a responsive pleading insofar as it is a legal conclusion regarding the ruling in Arroyo González v. Rosselló Nevares, 305 F. Supp. 3d 327 (D.P.R. 2018). In the alternative, if a responsive pleading is required, the applicability of the ruling in the present case is denied since it is not precedential nor authoritative.

5.      Paragraph 5 of the Second Amended Complaint is admitted. It is affirmatively alleged that the Registry amended their form in strict compliance with the Court's ruling in Arroyo González v. Rosselló Nevares, 305 F. Supp. 3d 327, 334 (D.P.R. 2018).

6.      Paragraph 6 of the Second Amended Complaint does not require a responsive pleading insofar as it is a legal conclusion regarding the ruling in Arroyo González v. Rosselló Nevares, 305 F. Supp. 3d 327 (D.P.R. 2018). In the alternative, if a responsive pleading is required, the applicability of the ruling in the present case is denied since it is neither precedential nor authoritative.

7.      Paragraph 7 of the Second Amended Complaint does not require a responsive pleading insofar as it includes legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that Plaintiffs' citation of Article II and Section 19 of the Commonwealth's Constitution should be read and interpreted in context.

8.      As to Paragraph 8 of the Second Amended Complaint, it is admitted that Amnesty International, Puerto Rico Chapter, sent a letter to Wanda Llovet, Executive Director of the Demographic Registry Division. It is also admitted that on September 8, 2023, Director Wanda

Llovet emailed a response stating that the Vital Statistics Registry could not include X as a gender marker.

9.      Paragraph 9 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading since the exhibit filed with the Complaint is incomplete. (Docket No. 12-2). It is affirmatively alleged that the U.S. State Department's decision to include the X marker in its passports does not bind the Government of Puerto Rico. The Puerto Rico's legislative system allows no room for liberal interpretation regarding facts of life recorded in the Vital Statistic Registry of Puerto Rico, P.R. Law Ann. tit. 24 §1041 et seq., and its exceptions shall be construed restrictively. See, León Rosario v. Torres, 109 D.P.R. 804 (1980).

10.      As to Paragraph 10 of the Second Amended Complaint, it is admitted that the Application for Gender Change in Vital Event Certification requires that applicant submit one of the following documents: (i) Driver's license showing change in gender; (ii) Passport showing change in gender; (iii) Certification issued by a health professional or behavior professional who has a Physician-Patient relationship with the applicant. It is affirmatively alleged that pursuant to the Court Order in Arroyo González v. Rosselló Nevares, 305 F. Supp. 3d 327 (D.P.R. 2018), the documents to be filed with the application recognizes two (2) genders, male or female and does not recognize a nonbinary gender or X gender marker.

11.      Paragraph 11 of the Second Amended Complaint does not require a responsive pleading insofar as it includes legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

12.     Paragraph 12 of the Second Amended Complaint does not require a responsive pleading insofar as it includes legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

13.     Paragraph 13 of the Second Amended Complaint is denied.

## PLAINTIFFS

13.     As to the second Paragraph 13 of the Second Amended Complaint, it is admitted in good faith that Plaintiff Ínaru Nadia de la Fuente Díaz identifies as a nonbinary person who lives in San Juan, whose passport identifies them with an X marker as their gender, as submitted in their Statement under Penalty of Perjury (Docket No. 12-4). The rest of the averment is denied for lack of sufficient knowledge and/or information at this moment.[1]

14.     Paragraph 14 of the Second Amended Complaint is admitted in good faith, as submitted with their Statement Under the Penalty of Perjury. (Docket No. 12-5).

15.     As to Paragraph 15 of the Second Amended Complaint is admitted in good faith that André Rodil identifies as a nonbinary person and lives in San Juan, as submitted with their Statement Under the Penalty of Perjury (Docket No. 12-6). The rest of the averment is denied for lack of sufficient knowledge and/or information at this moment.

16.     Paragraph 16 of the Second Amended Complaint is admitted in good faith, as submitted with their Statement Under Penalty of Perjury (Docket No. 12-7).

17.     Paragraph 17 of the Second Amended Complaint is admitted in good faith, as submitted with their Statement Under Penalty of Perjury (Docket No. 12-8).

---

[1] There appears to be a mistake in the numeration of the paragraphs in the Second Amended Complaint. To facilitate the Court's reading, Defendants have adopted the numeration assigned to each paragraph, even though they are repeated.

18.     Paragraph 18 of the Second Amended Complaint is admitted in good faith, as submitted with their Statement Under Penalty of Perjury (Docket No. 12-9).

## DEFENDANTS

17.     As to the second Paragraph 17 of the Second Amended Complaint, it is admitted that Gov. Pedro Pierluisi Urrutia, in his official capacity as governor, executes the laws of the Commonwealth and supervises all executive officers. The rest of the allegation is denied. It is affirmatively alleged that Defendant Pierluisi Urutia has acted at all times in strict compliance with the U.S. Constitution, the Puerto Rico Civil Code and the Vital Statistics and Registry Act.[2]

18.     As to the second Paragraph 18 of the Second Amended Complaint, it is admitted that Dr. Carlos R. Mellado López is Secretary of the Department of Health of Puerto Rico. Among his duties are those established in P.R. Law. Ann. tit. 24 § 1231. The rest of the allegation is denied. It is affirmatively alleged that Defendant Mellado López has acted at all times in strict compliance with the U.S. Constitution, the Puerto Rico Civil Code and the Vital Statistics and Registry Act.

19.     As to Paragraph 19 of the Second Amended Complaint, it is admitted that Defendant Wanda Llovet Díaz is the Director of the Division of Demographic Registry and Vital Statistics. It is admitted that the Department of Demographic Registry and Vital Statistics is in charge of all matters connected with the registration of births, marriages, and deaths. The rest of the allegation is denied. It is affirmatively alleged that Defendant Llovet Díaz has acted at all times in strict compliance with the U.S. Constitution, the Puerto Rico Civil Code and the Vital Statistics and Registry Act.

---

[2] There appears to be a mistake in the numeration of the paragraphs in the Second Amended Complaint. To facilitate the Court's reading, Defendants have adopted the numeration assigned to each paragraph, even though they are repeated.

## STATEMENT OF FACTS

20.     As to Paragraph 20 of the Second Amended Complaint, it is admitted that the general practice is for a physician to assess the newborn's genitalia and assign a sex at birth pursuant to Article 682 of the Puerto Rico Civil Code. P.R. Law Ann. tit. 31, §7632. The rest of the averment is denied for lack of sufficient knowledge and/or information. To the extent that a responsive pleading is required, the same is hereby denied.

21.     Paragraph 21 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that the cited article does not establish legal precedent.

22.     Paragraph 22 of the Second Amended Complaint is admitted.

23.     Paragraph 23 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that the cited articles do not establish legal precedent.

24.     Paragraph 24 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that the cited article does not establish legal precedent.

25.     As to Paragraph 25 of the Second Amended Complaint, it is admitted that transgender people are people who have a gender identity that is different from the gender they were assigned at birth. The rest of the averment is denied for lack of sufficient knowledge and/or

information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied.

26.    Paragraph 26 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that the cited article does not establish legal precedent.

27.    As to Paragraph 27 of the Second Amended Complaint, it is admitted that an intersex individual as someone born with the reproductive or sexual anatomy and/or chromosomal pattern that does not fit typical definitions of male or female. The rest of the allegation is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that the cited article does not establish legal precedent. It is also affirmatively alleged that the Intersex Society of North America webpage cited by Plaintiffs closed its doors and stopped updating the cited website in 2008.

28.    Paragraph 28 of the Second Amended Complaint is denied. Article 694 of the Puerto Rico Civil Code allows the substitution to the sex assigned at birth when medical experts recognize the ambiguity of sex at birth. P.R. Law Ann. tit. 31 § 7655. In the alternative, it is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. As to footnote 9, it is affirmatively alleged that the cited article does not establish legal precedent.

29.    As to Paragraph 29 of the Second Amended Complaint, it is admitted that gender identity is a person's internal sense of their own gender. The rest of the allegation is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading.

30.    As to Paragraph 30 of the Second Amended Complaint, it is admitted that gender dysphoria is recognized by the American Psychiatric Association. The rest of the allegation is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading.

31.    Paragraph 31 of the Second Amended Complaint is admitted.

32.    Paragraph 32 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. It is affirmatively alleged that the U.S. State Department's decision to include the X marker in its passports does not bind the Government of Puerto Rico.

33.    Paragraph 33 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. In the alternative, it is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. It is affirmatively alleged that Plaintiffs are not entitled to relief.

34.    Paragraph 34 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied. It is affirmatively alleged that the cited article does not establish legal precedent. It is affirmatively alleged that Defendants have acted at all times in strict compliance with the U.S. Constitution, the Puerto Rico Civil Code and the Vital Statistics and Registry Act.

35.    Paragraph 35 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading.  It is affirmatively alleged that Defendants have acted at all times in strict compliance with the U.S. Constitution, the Puerto Rico Civil Code and the Vital Statistics and Registry Act.

36.     Paragraph 36 of the Second Amended Complaint is admitted. It is affirmatively alleged that the states that have acknowledged nonbinary genders on birth certificates have passed legislation to that effect. It is affirmatively alleged that the Department of Health and its division of Demographic Registry and Vital Statistics cannot issue a birth certificate with an "X" gender marker without legislation.

37.     Paragraph 37 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied. It is admitted that in Arroyo González v. Rosselló Nevares, 305 F.Supp.3d 327 (2018), the District Court ordered that the application form to be submitted by transgender individuals for the issuance of their new birth certificates must include one of three documents, a passport, a driver's license or a certification issued by a healthcare professional that reflects the person's true gender, whether female or male. Id. at p. 334.

## CAUSES OF ACTION

### Count I
Deprivation of the Equal Protection in Violation of the Fourteenth Amendment of the United States Constitution
42 U.S.C. § 1983

38.     Paragraph 38 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

39.     Paragraph 39 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

40.     Paragraph 40 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

41.     Paragraph 41 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied. Defendants deny that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

42.     Paragraph 42 of the Second Amended Complaint is denied. Defendants deny that plaintiffs are entitled to any relief under the constitutional and statutory provisions.

43.     Paragraph 43 of the Second Amended Complaint is denied. Defendants deny that plaintiffs are entitled to any relief under the constitutional and statutory provisions.

44.     Paragraph 44 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied. Defendants deny that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

45.     Paragraph 45 of the Second Amended Complaint is denied. It is affirmatively alleged that pursuant to Arroyo, the Puerto Rico Civil Code and the Vital Statistics Registry Act, the registered sex can only be changed from Male to Female or Female to Male. It is affirmatively alleged that the U.S. State Department's decision to include the X marker in its passports does not bind the Government of Puerto Rico.

46.     Paragraph 46 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive

11

pleading is required, the same is hereby denied. Defendants deny that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

47.    Paragraph 47 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

48.    Paragraph 48 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

49.    Paragraph 49 of the Second Amended Complaint is denied. Defendants' policy and practice is established in strict compliance with the Puerto Rico Civil Code and the Vital Statistics Registry Act.

50.    Paragraph 50 of the Second Amended Complaint is denied. Defendants' policy and practice is established in strict compliance with the Puerto Rico Civil Code and the Vital Statistics Registry Act.

51.    Paragraph 51 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

52.    Paragraph 52 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

53.    Paragraph 53 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

54.    Paragraph 54 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

55.    Paragraph 55 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

56.    Paragraph 56 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied.

57.    Paragraph 57 of the Second Amended Complaint is admitted.

58.    Paragraph 58 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied.

59.    Paragraph 59 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading. To the extent that a responsive pleading is required, the same is hereby denied.

60.    Paragraph 60 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied. It is denied that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

**COUNT II**

Deprivation of Due Process in Violation of the Fourteenth Amendment of the
United States Constitution
42 U.S.C. §1983

61.    Paragraph 61 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

62.    Paragraph 62 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

63.    Paragraph 63 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

64.    Paragraph 64 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

65.    Paragraph 65 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

66.    Paragraph 66 of the Second Amended Complaint is denied.

67.    Paragraph 67 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

68.     Paragraph 68 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

69.     Paragraph 69 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied. It is denied that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

**COUNT III**
Abridgement of Free Speech in Violation of the First Amendment of the
United States Constitution
42 U.S.C. § 1983

70.     Paragraph 70 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

71.     Paragraph 71 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

72.     Paragraph 72 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

73.     Paragraph 73 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

74.    Paragraph 74 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions. To the extent that a responsive pleading is required, the same is hereby denied.

75.    Paragraph 75 of the Second Amended Complaint does not require a responsive pleading insofar as they are legal statements and/or conclusions that do not require a responsive allegation. To the extent that a responsive pleading is required, the same is hereby denied. It is denied that Plaintiffs are entitled to any relief under the constitutional and statutory provisions.

**COUNT IV**
Writ of Mandamus

76.    Paragraph 76 of the Second Amended Complaint is denied.

77.    Paragraph 77 of the Second Amended Complaint is denied. Defendant Carlos Mellado is the Secretary of Health and does not have the power to grant and issue passports as stated in 22 U.S.C.A. § 211a.

78.    Paragraph 78 of the Second Amended Complaint is denied. It is affirmatively alleged that the Department of Health and the Demographic Registry issues birth certificates in strict compliance with the Vital Statistics Registry Act and the Civil Code of Puerto Rico.

79.    Paragraph 79 of the Second Amended Complaint is denied for lack of sufficient knowledge and/or information to formulate a responsive pleading.

80.    Paragraph 80 of the Second Amended Complaint is denied. It is affirmatively alleged that Plaintiffs are not entitled to any relief.

**PRAYER FOR RELIEF**

Paragraphs (a) to (h) contain various legal statements, theories and conclusions and therefore do not require a responsive pleading. However, in the alternative that they do, each one

16

of those paragraphs (a-h) are hereby opposed and denied. It is affirmatively alleged that Plaintiffs are not entitled to any relief.

## AFFIRMATIVE DEFENSES

1.      All the Defendants' answers to Plaintiffs' Second Amended Complaint are hereby incorporated by reference as affirmative defenses.

2.      The Second Amended Complaint fails to state a claim upon which relief may be granted against the Defendants.

3.      The Second Amended Complaint fails to state a claim cognizable under any applicable federal or state statute.

4.      The Second Amended Complaint fails to state specific acts of the Defendants which amount to a deprivation of any of Plaintiffs' constitutional, federal or state protected rights.

5.      Defendants have acted at all times in strict compliance with the law and in good faith in the performance of their duties.

6.      Defendants, at all times, have acted within the established framework of their authority and duties and neither negligently nor intentionally violated any of Plaintiffs' constitutional rights.

7.      The instant action is barred by the Eleventh Amendment.

8.      The instant case is time barred.

9.      In the hypothesis that Plaintiffs are entitled to any relief, which Defendants vehemently deny, they are not entitled to recover under the Constitution of the United States.

10.     The Second Amended Complaint fails to state specific facts adequate to show that Plaintiffs suffered any damages as a result of the alleged official acts of Defendants. Therefore, Plaintiffs are not entitled to any damages or any other relief.

11.     Defendants' actions, if any, were objectively reasonable viewed in the lights of the facts and circumstances confronting them.

12.     There is no causal link between the alleged conduct and the alleged deprivation of Plaintiff's federal and/or state protected rights.

13.     Plaintiffs have failed to join indispensable parties.

14.     In the hypothesis that Plaintiffs are entitled to any relief, which Defendants vehemently deny, they are not entitled to recover under the Constitution of the United States.

15.     The complaint fails to state specific facts adequate to show that Plaintiffs suffered any damages as a result of the alleged official acts of the Defendants. Therefore, Plaintiffs are not entitled to any damages or any other relief.

16.     Defendants' actions, if any, were objectively reasonable viewed in the lights of the facts and circumstances confronting them.

17.     The Department of Health's policy and practice does not constitute a violation of Plaintiff's constitutional rights as it is in strict compliance with the Puerto Rico Civil Code and the Vital Statistics Registry Act.

18.     The Puerto Rico Supreme Court has interpreted the Vital Statistics Registry Act restrictively, concluding that any change requested must have been previously authorized by law. Ex Parte Delgado-Hernández, 165 D.P.R. at 170, 189 (2005); Ex Parte León Rosario, 109 D.P.R. 804 (1980).

19.     The Puerto Rico Civil Code and the Vital Statistics Registry Act do not recognize a nonbinary gender. Defendants are not authorized by law to use a birth certificate with a sex marker other than male or female.

20.    The Department of Health and the Demographic Registry and Vital Statistics division cannot authorize Plaintiff's request for change in the birth certificate without legislation to that effect.

21.    Plaintiffs have failed to allege sufficient facts to conclude that there is a long history and tradition protecting a right to amend their sex designation on a birth certificate to reflect a nonbinary gender identity or that such right is fundamental to the scheme of ordered liberty.

22.    Defendants' application of its policy and practice is not conscience shocking, extreme, egregious, or horrifying.

23.    Plaintiffs have failed to allege sufficient facts to conclude that there is a long history and tradition of protecting the right to amend the sex designation on a birth certificate to reflect a nonbinary gender identity.

24.    A nonbinary gender identity is not a suspect classification under the Equal Protection Clause.

25.    Plaintiffs cannot state a cognizable claim under the Equal Protection Clause.

26.    The contents of a birth certificate are government speech and do not implicate the First Amendment.

27.    The Department of Health's Policy and Practice does not violate Plaintiffs' First Amendment rights because the Government does not restrict their ability to express and present themselves in alignment with their gender identity.

28.    Plaintiffs are not entitled to recover attorney fees, costs and other litigation expenses.

29.    Defendants hereby reserve the right to amend the pleading, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that may arise as a result of the discovery.

30.    Appearing Defendants do not waive any other affirmative defense that may arise during discovery proceedings.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the Second Amended Complaint be dismissed, that Plaintiffs be charged with costs and attorney's fees and that Defendants are granted any other relief as the Court may deem fit and proper.

**I HEREBY CERTIFY** that the instant motion was electronically filed with the Clerk of the Court through the CM/ECF System, which will send notification of such filing to the subscribing parties.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on the 18th day of March 2024.

**DOMINGO EMANUELLI-HERNÁNDEZ**
Secretary of Justice

**SUSANA I. PEÑAGARÍCANO-BROWN**
Deputy Secretary in Charge of Civil Litigation

**MARCIA I. PÉREZ-LLAVONA**
Director of Legal Affairs
Federal Litigation and Bankruptcy Division

*S/ Diana I. Pérez-Carlo*
**DIANA I. PÉREZ-CARLO**
USDC No. 307313
Email: diana.perez@justicia.pr.gov
Tel. (787) 721-2900, ext. 1419

**DEPARTMENT OF JUSTICE
OF PUERTO RICO**
Federal Litigation Division
PO Box 9020192
San Juan Puerto Rico, 00902-0192