UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ÍNARU NADIA DE LA FUENTE DÍAZ,** *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>**PEDRO PIERLUISI,** *et al.*,<br><br>    *Defendants.* | Civ. No. 23-01544 (MAJ) |

## OPINION AND ORDER

### I. Introduction

On October 30, 2023, Ínaru Nadia de la Fuente Díaz, Maru Rosa Hernández, André Rodil, Yeivy Vélez Bartolomei, Gé Castro Cruz, and Deni Juste (collectively "Plaintiffs") filed their Amended Complaint against the Governor of the Commonwealth of Puerto Rico, the Secretary of the Department of Health of the Commonwealth of Puerto Rico, and the Director of the Division of Demographic Registry and Vital Statistics of the Commonwealth of Puerto Rico (collectively "Defendants") in their official capacities. (**ECF No. 12**). They maintain that the Commonwealth of Puerto Rico's practice to recognize only the binary male and female designation on birth certificates (hereinafter the "Birth Certificate Policy") violates their Fourteenth Amendment right to privacy and equal protection, and their First Amendment right to freedom of speech.[1] (**ECF No. 12**).

---

[1] Plaintiffs also allege the Birth Certificate Policy violates their rights under the Commonwealth of Puerto Rico's Constitution. (**ECF No. 12 at 3 ¶ 7**).

They request this Court compel Defendants to allow nonbinary transgender persons born in Puerto Rico to correct their birth certificates to accurately "reflect their true sex, consistent with their gender identity," in accordance with the practice delineated in 24 P.R. Laws Ann. § 1136. *Id.* at 20.

Pending before the Court are Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss the Complaint. (**ECF Nos. 3, 17**). Both parties have opposed the other's motions. (**ECF Nos. 28, 30**). Because Defendants' Motion is potentially dispositive, the Court addresses it first. For the reasons stated hereafter, the Court **DENIES** both motions. (**ECF No. 3, 17**).

II.  Analysis

   a. Defendants' Motion to Dismiss (ECF No. 17)

Beginning with Plaintiffs' allegation that the Birth Certificate Policy violates their Fourteenth Amendment right to equal protection, the Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "Courts apply different levels of review, or scrutiny, to Equal Protection Clause claims based off the type of impermissible classification the plaintiff alleges the defendant made." *Jones as next friend of Jimmy v. Massachusetts Interscholastic Athletic Ass'n*, 22-cv-11426, 2022 WL 6819608, at *4 (D. Mass. Oct. 11, 2022), *appeal dismissed*, 22-cv-1784, 2022 WL 19520186 (1st Cir. Dec. 6, 2022).

While it is well settled that sex-based discrimination requires a heightened level of scrutiny under the Equal Protection Clause, it is less clear where discrimination based on

*gender identity* fits into the equation. *United States v. Virginia (VMI)*, 518 U.S. 515, 532-33, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996); *Massachusetts v. U.S. Dep't of Health & Hum. Servs.*, 682 F.3d 1, 9 n. 5 (1st Cir. 2012). The Court is unable to find—and the parties have not pointed to—any analogous cases to the instant matter in this circuit. Accordingly, the Court is faced with an issue of first impression.

In light of this, the Court will not dismiss Plaintiffs' Complaint at this juncture, as their equal protection claim—at the very least—survives. *See Greiman v. Hodges*, 79 F. Supp. 3d 933, 946 (S.D. Iowa 2015) ("[G]iven that Plaintiff has asserted important constitutional claims which present issues of first impression, the Court finds that discovery and full consideration of the case on the merits is warranted."); *McGary v. City of Portland,* 386 F.3d 1259, 1270 (9th Cir. 2004) (Courts "should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions."); *Woolford v. City of Ashland, Missouri*, 20-cv-04105, 2020 WL 5118049, at *4 (W.D. Mo. Aug. 31, 2020) (declining to dismiss case as a matter of law when issue of first impression was presented) (collecting cases). Defendants' Motion to Dismiss is thus **DENIED**.

### b. Plaintiffs' Motion for Preliminary Injunction (ECF No. 3)

Moving to Plaintiff's motion, Plaintiffs seek a preliminary injunction enjoining Defendants from employing Puerto Rico's Birth Certificate Policy because it violates their right to equal protection and due process under the Fourteenth Amendment and free speech under the First Amendment. (**ECF No. 3**). The parties have consented to this motion being decided on the briefs. (**ECF No. 3 at 2**); (**ECF No. 28 at 4 n. 2**).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38, 42 (1st Cir. 2024). Notably, "[a] preliminary injunction is an extraordinary remedy never awarded as of right."[2] *La Simple Co, Ltd. v. SLP Enterprises, LLC*, 21-cv-10058, 2021 WL 1648762, at *4 (D. Mass. Apr. 27, 2021) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

Moving to the four-factor test, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Given this is an issue of first impression, the Court is unable to determine at this juncture what Plaintiffs' likelihood of success is. Accordingly, the Court finds this issue is better suited to be dealt with on a more developed factual record. *See 22 Franklin LLC v. Bos. Water & Sewer Comm'n*, 549 F. Supp. 3d 194, 197 (D. Mass. 2021) ("Courts are generally disinclined to issue mandatory preliminary injunctions unless the facts and the law clearly favor the

---

[2] The Court also notes that "[t]he purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication on the merits, more effectively to remedy discerned wrongs." *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 620 (1st Cir. 1995). Where, as here, a party requests an order that would compel action by the other party and disturb rather than preserve the status quo, the motion is one for a mandatory preliminary injunction and is appropriately granted only in those circumstances when the exigencies of the situation demand such relief. *Braintree Lab'ys, Inc. v. Citigroup Glob. Markets Inc.*, 622 F.3d 36, 41 (1st Cir. 2010); *see also Stinnie v. Holcomb*, 77 F.4th 200, 212 (4th Cir. 2023), *cert. granted sub nom. Lackey v. Stinnie*, 144 S. Ct. 1390 (2024) ("The traditional office of a preliminary injunction, we have observed, is to protect the status quo and to prevent irreparable harm during the pendency of the lawsuit, thus preserving the court's ability to render a meaningful judgment on the merits.") (internal citations and quotations omitted). "Nevertheless, those exigencies should still be measured according to the same four-factor test, as the focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo." *Braintree Lab'ys, Inc.*, 622 F.3d at 40–41.

moving party.") (internal citations and quotations omitted); *see also L.L. Bean, Inc. v. Bank of Am.*, 630 F. Supp. 2d 83, 89 (D. Me. 2009) (finding same) (collecting cases). In light of this, the Court need not discuss the remaining three factors.[3] *See Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). Plaintiffs' Motion for Preliminary Injunction is thus **DENIED**.

### III. Conclusion

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss is **DENIED**. (**ECF No. 17**). Moreover, because the Court is unable to ascertain Plaintiffs' likelihood of success at this juncture, their Motion for Preliminary Injunction is also **DENIED**. (**ECF No. 3**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2024.

*/s/* **María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

---

[3] In so holding, the Court also notes Defendants' assertion that if the Court were to grant Plaintiffs' request for a preliminary injunction, it would require Defendants to incur "programming costs [and] design and modification of its systems which would require time and monetary resources." (**ECF No. 28 at 18**). Given the fact Defendants will need to make various administrative changes to comply with the mandatory preliminary injunction Plaintiffs seek, the Court again, feels that this matter is more appropriately resolved at a later stage in the proceedings.